# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,
         Plaintiff,

 -vs-

                                        CASE NO.  23-CR-418

                                        Hon. Richard J. Leon

LAWRENCE BILLITER,

         Defendant.

_____/

## DEFENDANT'S MEMORANDUM REGARDING BOND STATUS

Defendant Lawrence Billiter is the father of two twin toddlers. He and his fiancé live in a small home in Flint, Michigan, and he works in heavy equipment construction. His fiancé is currently a stay-at-home mom. Mr. Billiter has had no bond violations and has a good working relationship with his pretrial services officer.

Mr. Billiter faces trial on a ten-count indictment stemming from January 6, 2021. The only issue he is contesting at trial is whether the throwing of a pipe constitutes the use of a deadly or dangerous weapon under federal law.

If convicted under 18 U.S.C. § 111(b), assault with a dangerous or deadly weapon, Mr. Billiter usually should have his bond revoked under 18 U.S.C § 3143(a). However, the Court may continue Mr. Billiter on bond if it finds that exceptional reasons exist to support his release. 18 U.S.C. § 3145(c), *United States v. Harris*, 451 F. Supp. 3d 64 (2020) (finding that balanced against the defendant's low risk of flight or danger to the community, the jail

conditions during COVID-19 constituted exceptional circumstances justifying release pending sentencing).

Congress has not defined exceptional circumstances, and, as in *Harris*, this Court should weigh Mr. Billiter's risk of flight and danger to the community against the circumstances justifying release pending sentencing.

Mr. Billiter has no criminal history, is the father of two children, and has a consistent and excellent work history. Outside the unique circumstances of January 6, he poses no danger to the community and no risk of flight.

Balanced against his non-existent risks, the circumstances in this case are exceptional. First, January 6 was a unique event in our lifetime and perhaps in the history of the United States. Citizens like Mr. Billiter came to Washington, D.C., because they sincerely believed that a conspiracy had taken place that resulted in a legitimate election being stolen from a presidential candidate.

Second, the events of January 6 occurred almost four years ago. Mr. Billiter changed dramatically in that time. He met his fiancé and had twin children. They have become the whole focus of his life. Whatever minimal potential he had for flight or danger before their birth is now wholly erased.

Third, Mr. Billiter was first identified in April 2021 as a participant in January 6. While this does not indicate any misconduct on the part of the FBI, it does show that they did not consider Mr. Billiter an immediate threat or a substantial flight risk.

Finally, President-Elect Donald Trump promised to pardon the participants in January 6, and Mr. Billiter's convictions may not stand after the inauguration on January

20, 2025.

Another judge of this Court has allowed a January 6 defendant to remain released

pending sentencing. See *United States v. Allen*, 1:23-CR-261-APM. Even if convicted of

18 U.S.C. 111(b), Mr. Billiter asks the Court to continue his bond pending sentencing.

In the alternative, Mr. Billiter asks this Court not to pronounce its verdict until it

files a written memorandum of judgment to allow Mr. Billiter to remain on bond and be

with his family a little longer.

<div style="text-align: center; margin-left: 40%;">

Respectfully Submitted,

/s/ James R. Gerometta
Law Office of James Gerometta, PLLC
27 E. Flint St.
Suite 2
Lake Orion, MI 48362
(313) 530-9505
james@geromettalaw.com

</div>

Dated: December 2, 2024